**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
STEVEN HARRIES,

                       Plaintiff,         **MEMORANDUM**
                                                    **AND ORDER**

          - against -

                                                    CV 07-3719 (NG) (JO)

CATERPILLAR, INC.,

                       Defendant.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Steven Harries ("Harries") filed this personal injury action against defendant Caterpillar, Inc. ("Caterpillar") in the Supreme Court of the State of New York, County of Queens, on August 1, 2007. *See* Docket Entry ("DE") 1 (including, among other documents, Caterpillar's Notice of Removal ("Notice") and Harries's Verified Complaint ("Complaint")). On September 5, 2007, Caterpillar filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. For the reasons set forth below, I find that Caterpillar has not satisfied its burden of establishing that this court has original jurisdiction, and in particular that it has failed sufficiently to demonstrate that the amount in controversy exceeds $75,000. I therefore order the action summarily remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4). *See generally DeMarco v. MGM Transport, Inc.*, 2006 WL 463504 (E.D.N.Y. Feb. 24, 2006).

      A.    <u>Removal Procedures Generally</u>

      A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must examine it "promptly." 28 U.S.C. § 1446(c)(4). "If it

clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Where, as here, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, the defendant must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)).

Caterpillar argues that a federal court may satisfy itself as to this jurisdictional requirement by resort to a "reasonable reading of the value of the rights being litigated." Notice ¶ 11. As authority for this proposition, Caterpillar cites *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). Even if that decision were not from another circuit, it would not advance Caterpillar's cause for two reasons. First, subsequent case law suggests that even within its own jurisdiction, *Angus* does not establish the legal rule for which Caterpillar now cites it. *See Penn et al v. Wal-Mart Stores, Inc. et al*, 116 F. Supp 2d. 557, 566 (D. N.J. 2000) (noting that the court that decided *Angus* "has not determined what the proper standard ought to be"). Second, the rule for which Caterpillar cites *Angus* is decidedly not the standard in this circuit; instead, the law of this jurisdiction is clear that a party seeking to remove a case to federal court on the basis of its diversity jurisdiction must show "that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]," *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 303-04 (2d Cir. 1994), and must justify its allegations by a

preponderance of the evidence. *Gilman v. BHC Secour*, 104 F.3d 1418, 1421 (2d Cir. 1997). A federal court considering the propriety of the removal should generally evaluate the existence of the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal." *Blockbuster, Inc.*, 472 F.3d at 57 (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)); *see also Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957) (if a complaint does not establish amount in controversy, "the court may look to the petition for removal").

      B.      The Effects Of New York's Procedural Law On Removal To Federal Court

Harries's complaint does not specify the amount of damages sought, and for good reason. New York law forbids the inclusion of an *ad damnum* clause in a personal injury case like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, other than a perfunctory statement of the source of injury – specifically, that on March 15, 2006, Harries was crushed by the boom of a lift truck, manufactured and sold by Caterpillar, Complaint ¶ 10, when the truck was put in neutral and the boom began to move violently, *id.* ¶ 16 – the Complaint employs boilerplate language to assert the extent of his injuries and that the damages exceed the relevant jurisdictional limits of lower state courts. *Id.* ¶¶ 22, 30, 33.

In describing Harries's injuries, the Complaint's most specific allegations are that he "was caused to be seriously, severely and permanently injured," *id.* ¶ 16, and that he "suffered pain, shock, [and] mental anguish." *Id.* ¶ 18.[1] Although I can infer from this allegation that Harries

---

[1] The Complaint also alleges that Harries's injuries "led to his ultimate death." *Id*. In light of the fact that Harries not only names himself (rather than his estate) as the plaintiff and alleges that he "was, *and still is*, a resident of Queens County," *id*. ¶ 1 (emphasis added), it is possible that the report of his death, which is not repeated elsewhere among the Complaint's several references to his injuries, is a particularly unfortunate drafting error.

may seek a substantial recovery if Caterpillar's liability is established, I cannot conclude from the boilerplate that the amount in controversy necessarily exceeds $75,000. The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco*, 2006 WL 463504, at *1 (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001)). The Notice provides no additional detail about the specific damages sought; it merely makes the conclusory assertion that "[t]he total amount of a potential recovery under these claims clearly exceeds $75,000." Notice ¶ 22. Thus, neither the Notice nor the Complaint provides any indication that the amount actually in controversy – that is, the amount that Harries seeks as a result of his injuries – exceeds $75,000. Accordingly, I conclude that the pleadings now before the court do not satisfy the defendant's burden to establish the existence of federal jurisdiction. *See DeMarco*, 2006 WL 463504, at *2 (citing *United Food & Commercial Workers Union*, 30 F.3d at 304-05).

    Caterpillar is not without recourse. The same state law provision that prohibited Harries from including an allegation in his complaint that might support a sufficient notice of removal also provides a procedural mechanism by which Caterpillar can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). The defendant was free to take advantage of that provision before seeking to

remove the case, and it will of course be free to do so if and when this remand order takes effect and the case is once again governed by New York State's discovery rules.[2]

Nor is Caterpillar prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. A defendant must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*.; *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). Where the response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows the defendant to seek removal within 30 days. *See DeMarco*, 2006 WL 463504, at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829 (W.D.N.Y. July 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, at *3 (S.D.N.Y. July 6, 2005)).

---

[2] While the case remains pending in federal court, New York's discovery mechanisms are plainly unenforceable, and the parties are instead subject to the provisions of the Federal Rules of Civil Procedure. Those rules generally forbid any party from insisting on the production of any discovery before the initial conference among counsel. *See* Fed. R. Civ. P. 26(d), (f). Nevertheless, the parties are free to exchange information by consent at any time; the voluntary production by the plaintiff of information available to a defendant in state court pursuant to N.Y. C.P.L.R. § 3017(c) would likely serve to avoid needless delay if there is indeed a basis for diversity jurisdiction in this case.

C.  Remand And Review Procedures

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command; it also makes sense. Requiring Caterpillar to seek supplemental information under state law before attempting to remove the case places no meaningful burden on it that it will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judicial disposition, Caterpillar will need to find out the extent of the damages that Harries claims to have sustained. I decide no more than that it must seek out that information before coming to this court, not after. If Caterpillar learns that Harries seeks damages in excess of $75,000, it may seek to reopen the case in this court and Harries will have to bear the burdens associated with the removal. On the other hand, if it turns out that Harries does not claim more than $75,000 in damages, then the case will properly remain in state court – and this court will not be burdened with overseeing discovery of a dispute that is not properly before it. *DeMarco*, 2006 WL 463504, at *2.

Finally, assuming that this case must be summarily remanded, there remains the question of whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Caterpillars, Inc.*, 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005).

Such an order normally "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, for the reasons explained below, I will stay the order of remand for a sufficient time to

allow the defendant to lodge any objections it may have to this decision with the district judge assigned to this case. As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A). The same statutory provision that empowers me to enter such an order, however, also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls. As a result, notwithstanding the removal statute's general proscription of appellate or other "review," a district judge may "reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law. *See*, *e.g.*, *Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006) (citing cases).

Caterpillar will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect. I therefore stay the order of remand *sua sponte* for a period of time sufficient for Caterpillar to file any objections it may have. Under the pertinent rules, a stay until September 25, 2007, will accomplish that purpose. *See* Fed. R. Civ. P. 72(a) (requiring objections to a magistrate judge's order to be filed within 10 days); Fed. R. Civ. P. 6 (computation of time). Should the defendant actually pursue such relief, it may of course apply to me or to the district judge for a further stay pending resolution of its objections.[3]

---

[3] In addition, if the defendant can establish the amount in controversy before the stay elapses, either by virtue of information provided by Harries or other means, I will of course entertain an application for reconsideration and, if persuaded that there exists federal diversity jurisdiction, vacate this order.

    D.    <u>Conclusion</u>

For the reasons set forth above, the Clerk is respectfully directed to remand this case to the Supreme Court of the State of New York, Queens County. In order to afford the defendant sufficient time to file a motion for reconsideration of this order by the assigned district judge, I stay this order until September 25, 2007.

**SO ORDERED.**

Dated: Brooklyn, New York
       September 7, 2007

                                      /s/ James Orenstein
                                      JAMES ORENSTEIN
                                      U.S. Magistrate Judge